■  In the Matter of the Claim of LUCIEN RIGAUD, Respondent, v. HOWARD RAPAPORT, Doing Business as the IN-NOVO ENGINEERING & DEVELOPMENT CO., Appellant, and STATE INSURANCE FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board, filed January 4, 1971. The respondent State Insurance Fund insured appellant under a workmen's compensation policy originally issued in 1963. On July 25, 1966, respondent forwarded to appellant an estimated renewal deposit premium bill for the policy period from July 2, 1966 to July 2, 1967 in the amount of $320 based on the actual payroll of $35,088 during the policy period of July 2, 1964 to July 2, 1965. When appellant failed to pay the bill, a notice of cancellation, dated September 1, 1966, effective September 16, 1966, was duly forwarded to appellant by registered mail and received by him September 2, 1966. A payroll audit performed on August 30, 1966, for the policy

period July 2, 1965 to July 2, 1966, showed that, giving effect to a credit of $42.62, appellant actually owed $277.38, for which appellant was billed on September 12, 1966, but refused to pay. By September 16, 1966, the effective date of cancellation, the policy generated earned premium of $75.97. Appellant was thus in arrears on account of earned premium, and for $277.38 on account of estimated renewal deposit premiums, both of which he failed to pay. Claimant sustained injury on September 21, 1966. Appellant appears to contend that respondent could not cancel his policy for failure to pay an estimated premium at the beginning of a policy period. There is no merit to this contention since section 92 of the Workmen's Compensation Law specifically requires respondent to collect insurance premiums at the *beginning of the period according to the estimated expenditures of wages for the period.* The board's decision that there was proper notice of cancellation and that cancellation was for nonpayment of premium (Workmen's Compensation Law, § 54, subd. 5) is supported by the evidence. Decision affirmed, without costs. Herlihy, P. J., Greenblott, Cooke, Main and Reynolds, JJ., concur.